argument in number 18-3502 Singh versus Garland. Mr. Chetri. Yeah, good morning, your honor. May I speak to the court? My name is Kagendra Chetri. I'm for the petitioner in this case. This is a case that involves a petition for review after the denial of the asylum application by the immigration judge Nelson in New York. And then the Board of Immigration appeal that has actually obtained the same decision of the IJ. The underlying issues in this case is that the immigration judge properly found that the respondent has made the burden that he was a credible witness and he was prosecuted in India because of his political belief. But however, the judge made a decision that he could relocate in the other area of the country and denied the asylum claim. So basically, the issue here before this court is whether or not the immigration judge as well as the BIA consider the relocation issue properly. I respectfully submit that the respondent has already shown that there is a fast prosecution and there is an expectation of reasonable future prosecution. And the issue of relocation is based on that the immigration judge cited some of the background materials but did not read through the entire page of the paragraph. For example, I may state that the site page number 33. There, he reads the first paragraph of the country condition that talks about this. In general, all the Sikhs can go to different places in the country and they can maintain regular life. There are those statements there. But at the beginning and the end of the first paragraph of page 146 of the record, there is a notation that on the page, sorry, I'm just referring to the page number 145. There are restrictions for people who are politically involved to relocate in different places. So that's what I found that the judge did not read the entire paragraph here. Right. So I'm sorry. So you're saying that it's not reasonable for him to relocate because there are problems that people have relocating to different parts of the country? Is that  Sikhs with the particular political opinions of those who advocate for the opinions subject to harassment, detention, and torture? That is what the whole thing is. Right. So you have, I mean, there's the question about whether you're subject to harassment, but obviously not every harassment is persecution by the government, right? So here, the immigration judge said that your client was involved in this incident with the members of the Congress party, but that it was a local incident by private parties. And there wasn't evidence that the government would track him or follow him to other areas of the country. And there are other areas of the country in which Sikhs live without persecution. Do you think that that's not right? That is the general observation of the immigration judge, Your Honor. But the immigration judge failed to read the rest of the country condition. So when we review decisions of the immigration judge, we do it for substantial evidence, which means that there has to be some piece of evidence that requires us to say that the immigration judge and the BIA were wrong. Is there some piece of evidence that your client, wherever he goes in the whole country, is going to be persecuted or tortured? Yes, Your Honor. On the record of page number 133, the country condition shows that the political party members have been sought after by the government. Counsel, is there a question of whose burden it is once there has been a finding of persecution, whose burden it is to show relocation? It is the burden of the government. This woman doesn't have to show that. In this case, Your Honor, the government has not... Did the IJ here find that there was persecution? Yeah, I found in page number, Your Honor, I was... I mean, did the IJ find that the treatment of your client rose to the level of persecution rather than harassment? Yes, Your Honor. Harassment. I can read a page number here on the page number 35 of the record. The court finds that the most of his testimony is consistent with his written account and that he has offered credible testimony and he has established past persecution by unknown members of the Congress party. Right, so the IJ on page 35 said that he had established past persecution, and then on page 36, the IJ says where the respondent has established past persecution, it's presumed that internal relocation would be unreasonable unless it is proven to the contrary. And then he went through the government's argument for why internal relocation would be reasonable and decided that the government had proved that it would be reasonable by a preponderance of the evidence. Isn't that right? Yes, Your Honor, but what I did was I did not read the actual whole entire record. He only quoted the first part of the same exhibit, and there are other numbers of exhibits that really say that there is a reasonable possibility that the respondent would be subjected to persecution because of the... There are a lot of records in the record, the page numbers. I was trying to mention earlier that, Your Honor, that there is a page number here. I do have in the record a 133 page number that really talks about his political party. Let me see if I understand. The IJ did say the burden was on the government and said that the government met its burden, so that the only argument is whether that is a reasonable finding given the fact that your client wasn't only a Singh but also a member of a particular party. Is that your argument? I'm just trying to figure it out because I don't have it all given clear. Yes, Your Honor, that analysis was not made by the judge. He only just in general made observations, but he did not consider that this person was politically involved and was a member of a political party. He considered the past persecution, right? And he said you had this incident with the Congress party in Haria, and it was by not public officials, but by private citizens, and it was a local dispute, and there's no evidence to suggest that it would follow him to other parts of the country or that public officials in other parts of the country would acquiesce in his mistreatment or track him to other parts of the country. So, the IJ was then thinking about the way in which your client had been persecuted, right? Yes. The other part of the country that you just mentioned was for the cat relief, Your Honor. The on the page 123 in the record, it says that including this political party members have the government has relocated. They were having the track down them. They keep a record on them. There is very difficult to establish relocation for these political party members. So, the judge has pointed that this is a local party, but I think this party prevails all over the country. All right. So, the IJ said that the government was not tracking everybody who's involved throughout the country. You're just saying the IJ was wrong about that. That's your argument? Yes. Yes, Your Honor. IJ was politically involved people. He should have looked at it. Okay. So, what's the piece of evidence that says that the government is tracking everybody either who's Sikh or who's involved in the political party throughout the country? In this case, we would rely mostly on the country condition that has been submitted in this case. And in the page number 123 of the record, it says that the several instances of member of the man parties are taken into preventive detention. So, there are those comments throughout the record. But the IJ has to consider your client's personal circumstances, right? So, it's not just whether they're in the country conditions reports any cases of people being taken into conditions, it's whether it's likely that that's going to happen to your client, right? Do you have evidence that it will? Yes. Yes, Your Honor. In two instances, my client was beaten up. He was required to... He had to sustain injuries and then he was required to get medical attention. And as a result of that, he fled the country. And the judge found that he was credible. He's established fast prosecution. The only thing is the judge was saying it was reasonable for him to relocate based on the general observation. And the statute requires the judge has to make a finding based on the so many factors, whether or not relocation is possible. That involves the ability to relocate and his social and family ties and including the political parts. He did not even consider that. So, we find that her argument... Did you just say that the IJ didn't consider those factors properly? No, I did not even consider. He only read the one paragraph where he just talks in general about the country condition and then she did not include the other paragraph that really says about the political party members, what happens to them. Okay. Mr. Chetri, you've reserved time for rebuttal. So, we'll hear from you again, unless my colleagues have questions before we turn to the appellee. So, let's turn to the... Hearing no questions, let's turn to the appellee, Mr. Williams. Yes, Your Honor. Good morning. John Williams on behalf of the government. In this immigration case, the agency and the immigration judge found past persecution but concluded that a preponderance of the evidence established that the petitioner could reasonably relocate in India and the board affirmed this. The agency analyzed this case applying the just elaborate on the petitioner's role with the man party. And what the petitioner described as his role was merely helping poor girls get married, putting up posters, and attending blood drives and rallies. When specifically asked whether or not he held a position, he stated no. Now, with regard to the two incidents, it's unclear that the alleged Congress workers were specifically identified. The petitioner described them and when asked said, how did you know that they were Congress workers? And he said that, well, there was a car, a bumper sticker, and they had tattoos. And based on their statements, which they asked him if he would join the Congress party instead of working for the man party. Now, so the petitioner had a minimal role, if you will, with the man party. Looking at the elements of the regulation, the immigration... Like, even if the IJ was required to look at the... I mean, I assume he did look at the petri conditions evidence. We don't say that he has to explicitly discuss every piece of evidence, but even that paragraph that the opposing counsel has cited about politically engaged peaks, you're saying it wouldn't be dispositive because he actually wasn't politically engaged. Is that your argument? Exactly. I mean, he was just merely a low-level role player. Let me put the thing in a different way. You're saying that the appropriate way of looking at this case is whether Singhs who were persecuted in one part of the country could properly relocate in another part of the country, not whether members of a significant members of a particular party, which happens to be a dominantly Singh party, could relocate in that the second way is not the appropriate way of looking at the facts of this case, or at least that the way the IJ and BIA looked at this case was not one that we can reverse. Am I correct? That's correct. The burden, once past persecution was found, there was a burden that shifted to the government to look at whether or not preponderance of the evidence in the record demonstrated that it was reasonable that the petitioner could relocate. And we're stating that it was reasonable based on a number of points. For example, it was based on the country report, the National Democratic Alliance Party is in power. Then you look at where could Sikhs relocate. And there are a number of communities, including Delhi, and just so many communities throughout India that have Sikhs where they can reasonably relocate and live. Looking at the health, there was this petitioner is healthy, young male. He at the time stated that he was not employed. So I know that petitioner it raised whether or not the economics was considered. Let me let me ask a different question. You're looking at this case, very much in terms of this particular petitioner. Does that mean that if there is another case before us, I believe there was another case argued some weeks ago, which had similar issues, but that each of these cases should be looked at in terms of a particular facts and have a IJ and BIA looked at the facts of a particular person? Is that that's that's correct. And in this case, the agency did an individualized analysis of this case, this petitioner, what was in the record, and went through the regulation and determined that it was reasonable that he could relocate based on other standards, the standards for internal relocation and the country conditions with respect to Sikhs aren't changing dramatically in a couple months, right? No, no, they're not. And clearly, I mean, there are many, you know, many cases, both this court and sister circuits where, you know, Sikhs have were able to return and relocate within India over over the past six to 1010 years, their cases demonstrating that. So in this instance, the petitioner's family still resides there. His father is a farmer, he stated. Are there cases that show that relocation is available to people who are active in the party? I'm not saying that this guy is, but I'm just trying to figure out the distinction between Sikhs and members of this predominantly Sikh opposition party. Are there cases which is their successful relocation by major members of the party? Well, I don't I don't know of a of a published case in this circuit, Your Honor. But looking at the looking at the record, you know, he wasn't a high level member of Congress. Anyway, but that's the finding of the IJ and the BIA and that we and your argument is that we defer to that in any event. That's that's correct. And we've cited a number of board decisions matter MZMR, which lay out, you know, the ability to internally relocate in the application of the of the regulation in which the IJ and the board followed in this instance. With regard to, for example, registering, there's been no no evidence that the petitioner would be required to register. Can I go back and ask you a question about the finding of past persecution? So on page 36 of the administrative record, the IJ says, the IJ does say, the court finds that the established the persecution was at the hands of the government as opposed to members of the Congress party, not all of which work for the government. But to find past persecution, wasn't the IJ required to find that it was either at the hands of the government or with the government's acquiescence? I mean, can you be persecuted by private parties without the And in this instance, it's, yeah, it's, it's, it's, he indicates it's not clear that that. So I understand, I understand that your your argument is on the assumption that there was past persecution, we should still deny the petition for review, because there was substantial evidence that he could internally, or the government proved by preponderance that he could internal that it was reasonable to internally relocate. But isn't it a problem that even the predicate finding the past persecution said it was persecution by private parties without the involvement of the government? That that does open up to as to as to whether or not the it was even, I mean, even past persecution, I think, rose to the level of persecution, I think, in this instance, that would be harmless, harmless error in light of the fact that, you know, that the But we don't do harmless error when we do agency cases, right? We only, we only consider the grounds on which the agency if the agency made that assumption, and then that assumption been found the same way. Why should we, you know, they are allowed, we assume all the time something and not get into it. Right, we can, I mean, we can, I mean, they made a finding of past persecution. With regard to relocating, clearly, it wasn't, it wasn't found that it was a government that that it was a government actor. And so with regard to this just clearly opens up again, that is that it's reasonable that the individual could relocate because it's not, it's not someone that that works for the government. He's not a suspect by the police. And so when you look at the record, and the petitioner indicates that there's an ability to track, there's no reason of demonstrating no evidence that anyone's going to try and attempt to track this petitioner. And here the the police are interested. He's not the petitioner is not a suspect with it with the police. So there's, there's, again, there's just no reason why the petitioner could not, you know, relocate to some, you know, some other part of the country, given the numerous seat communities. Okay, Mr. Williams, I think we have I think we have that argument. If there are no more questions from my colleague, let's turn back to Mr. Chetri on rebuttal, Mr. Chetri. Yeah, thank you. Actually, the agency is trying to revisit the decision again on this argument today. I'm a little surprised, but it has been already established that there issue only here is that the, the once it is established past persecution respondents role as a political party member, he was actually returning from rallies on the first time when he was beaten up by the Congress party people second time, he was doing fostering. So this is what you know, he was, it was shown that he's very active in the politics, he doesn't need to be very much like a leader in the country to be subjected to persecution in that place. So the other part is that respondent after the following the first incident reported to the police police did not take me no helping. So basically, it says that he didn't have any place to turn to seek any attention or help, because the police was supporting in a way the ruling party or the majority party that was causing harm to him. So having said that, Your Honor, the relocation part is to that the government has provided no evidence in this submissions were made by the respondent in which respondent has clearly provided background materials. As I was reading that the respondent, the petitioner has provided this information. Also on the page number 123, it is said that the there are reports that the, you know, man party people have been arrested and, and then have been subjected to detention. So there are reports that the respondent petitioner has the has the fear to go to another part of the country. The government has cited a matter of MGMR, Your Honor, that has two prongs. And unless his first one is that, whether or not it would be there is a well founded fear of persecution. And second is that the idea must analyze whether it would be reasonable for the applicant to relocate, applying consideration of the ACFR section 12.13. So it has not been done in this case. There has not been in the record here that the government has shown that the political active member of the man party can relocate in the other part of the country. So I respectfully submit that the this reasoning of the judges is not fully addressing the issue. And this circuit has never dealt on the issue of the relocation. However, the 11th circuit has done that. So in that case, 11th circuit has considered all the factors. So I would respectfully submit that the this decision of the BIA and IJ is not reasonable and request to remand the case for further proceeding, Your Honor. Okay. Thank you very much, Mr. Chetri.